# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1823 | **DATE** | 4/12/2012 |
| **CASE TITLE** | Battles vs. Comcast Cable Holdings, LLC | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**. Plaintiff's motion for appointment of counsel is **DENIED** without prejudice.

Plaintiff is directed to serve the Defendant, and has 30 days from the date of entry of this order to issue summons or the case will be dismissed for want of prosecution.

■[ For further details see text below.]  Notices mailed by Judicial staff.

# STATEMENT

Based on Plaintiff's representation that he earns $20,400 annually, his *in forma pauperis* application [Dkt No. 4] is **GRANTED**. This amount is below the Department of Health and Human Services guidelines for a family of four ($23,050).

Part of the determination in an *in forma pauperis* ruling is first determining whether the complaint has any possible merit or is frivolous on its face. *Wartman v. Branch 7, Civil Div., Cnty. Ct., Milwaukee Cnty., State of Wis.*, 510 F.2d 130, 134 (7th Cir. 1975). Plaintiff's complaint alleges he was denied promotion because of his race, color and sex, and that his supervisor remarked that he preferred to hire Hispanics over African-American employees. He has also alleged retaliation. At this stage, this is sufficient to move it past the frivolousness hurdle.

Plaintiff has also applied for appointment of counsel. [Dkt. Nos. 5]

A request for appointment for counsel is entirely discretionary, but must always be evaluated on an individual basis grounded in the Court's judgment rather than a standard response or inclination. *Pruitt v. Mote*, 503 F.3d 647, 654-655 (7th Cir. 2007). While there is no mandated formula for considering requests for counsel, three factors are typically taken into consideration: (1) Whether the indigent party has made "reasonable efforts to retain counsel," (2) the difficulty of the case weighted against to the indigent party's competency to litigate the case and (3) if a plaintiff does not appear competent, whether the presence of counsel would conceivably make a difference to the outcome of the case. *Id.* In *pro se* cases, there may be few facts on which to base competency, but the court is to evaluate it in light of whatever relevant evidence is available. *Id.* at 655. This evaluation may be revisited at the discretion of the court as the case progresses, or new information arrives to inform the Court. *Id.* at 658.

## STATEMENT

Here, Plaintiff has represented he contacted four organizations seeking counsel, which is a modest number of entities. As to the difficulty of the case, the record is skeletal at this point, but but the lawsuit states claims under 42 U.S.C. § 1981and under Title VII. While these cases can be complex, at this stage, the proceedings are not overly complicated. Additionally, Plaintiff has represented he is a high school graduate, which indicates he is minimally competent to pursue his own litigation, at least at this stage. Therefore, **the motion for appointment of counsel is denied without prejudice**. If the posture of the case changes substantially, plaintiff may file a motion for reconsideration.